UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| Jerome Jean, | Civ. No. 2:20-233-FtM-JLB-MRM |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| David Pekoske, and Tae D. Johnson,[1] | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Jerome Jean is a native and citizen of Haiti. (Compl. (Docket No. 1) ¶ 10.) He entered the United States without legal authority to do so, and was subsequently subject to removal proceedings. (Id. ¶ 12.) He was ordered removed in October 1999 (id. ¶ 14); he did not, however, leave the country. The order for removal became final in April 2001 and has not been lifted or otherwise cancelled, so remains in effect. (Id. ¶ 16.)

In January 2010, after a massive earthquake struck Haiti, then-Attorney General Eric Holder gave Haitian citizens who resided in the United States Temporary Protected

---

[1] Alejandro Mayorkas now serves as Secretary of the Department of Homeland Security, and Tae D. Johnson now serves as Acting Director of Immigration and Customs Enforcement. These officials are automatically substituted as Defendants for former Defendants Chad Wolf and Ken Cuccinelli pursuant to Federal Rule of Civil Procedure 25(d).

Status ("TPS").  (Id. ¶ 17.)  Jean applied for TPS and the United States Citizenship and Immigration Services ("USCIS") granted his request.  (Id. ¶ 18.)

In 2014, Jean requested approval from USCIS to travel abroad, called "advance parol" in immigration parlance.  (Id. ¶¶ 20-21.)  He received that approval and made several trips outside the United states in the intervening years.  (Id. ¶ 24.)  He has also since married a United States citizen and has received a spousal immigrant visa.  (Id. ¶ 26.)

At the same time as his wife sought the spousal immigrant visa for Jean, he filed a Form I-485 seeking to adjust his status to lawful permanent resident status.  (Id. ¶ 27.)  USCIS denied Jean's application for status adjustment on March 9, 2020.  (Id. ¶ 29.)  USCIS determined that it had no jurisdiction over the application because Jean was already subject to a final removal order, and only an immigration judge can alter a final order for removal.  (Id. ¶ 30.)

Jean brought this lawsuit in April 2020, asking the Court to independently determine that Jean is entitled to an adjustment of status or to vacate USCIS's decision as arbitrary and capricious, and issue either an injunction or a writ of mandamus compelling USCIS to adjudicate Jean's status-adjustment application "within a reasonable period of time."  (Id. at 9, ¶ 4.)

**DISCUSSION**

Defendants move the Court to dismiss the Complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or in the alternative to determine that the Complaint fails to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Their jurisdictional challenge is a facial one, and thus as with a motion under

Rule 12(b)(6), the Court takes all plausible allegations in the Complaint as true and affords Jean all reasonable inferences therefrom.  See McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999) (describing facial and factual jurisdictional challenges); Hazewood v. Found. Fin. Grp., LLC, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam) (setting forth Rule 12(b)(6) standards).  The Court need not, however accept as true Jean's legal conclusions, Bell Atl. Corp. Twombly, 550 U.S. 544, 555 (2007), and must dismiss the Complaint if it finds that subject-matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3).

The success of Jean's Complaint depends on the Court accepting his theory that his immigration status changed when he returned to the United States from his trip out of the country in 2014.  According to Jean, because he was allowed back into the United States, he became an "arriving alien" over whom USCIS had jurisdiction.  See 8 C.F.R. § 1245.2(a)(1) (defining "arriving alien").  To put it differently, Jean asserts that his re-entry into the United States after his trip abroad changed his immigration status, rendered the previous removal order a legal nullity, and made him once again subject to the jurisdiction of USCIS's adjustment-of-status determination.

But Jean's theory has no support in the underlying statutory scheme, and no federal court, in this Circuit or otherwise, has adopted it.  See Jacques v. Wolf, No. 8:20cv1296, 2020 WL 5500208, at *3 (M.D. Fla. Sept. 11, 2020) (citing cases).  Rather, the statutes and regulations make clear that a non-citizen, such as Jean, who is subject to a removal order but receives advance parole to leave the country and return, returns to the United States with the same status he had when he left.  Id. at *4.  When Jean left for his trips abroad, he was in TPS status but subject to a final removal order.  When he returned, he was therefore

3

still in TPS status subject to a final removal order; his immigration "status remained unchanged by his travels." Id.

"Where a plaintiff seeks relief that, if granted, would invalidate a removal order, the district court lacks subject matter jurisdiction and the claim must proceed through the channels prescribed by Congress, ending in a petition for review in the proper court of appeals." Del Carmen Espinosa v. Swacina, No. 19cv21315, 2019 WL 6682836, at *2 (S.D. Fla. Dec. 6, 2019). As Defendants argue, the relief sought in Jean's Complaint constitutes an indirect attack on his deportation order. Such an attack lies within the exclusive jurisdiction of an immigration judge and this Court lacks jurisdiction over it. Jacques, 2020 WL 5500208, at *3, 4. The Court must therefore dismiss the Complaint without prejudice. See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss (Docket No. 11) is **GRANTED** and the Complaint is **DISMISSED without prejudice**.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated:   February 19, 2021                         *s/Paul A. Magnuson*
                                                                    Paul A. Magnuson
                                                                    United States District Court Judge